UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD A. EDWARDS, | No. 2:19-cv-1907 MCE CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| K. LAMAS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Lamas, Mendoza, Trevino, Vivero, Hernandez, and Casillas violated plaintiff's rights under the First and Fourteenth Amendments. (ECF No. 1.) Specifically, he alleges that defendant Lamas violated his rights to due process and equal protection when she denied him witnesses at a disciplinary hearing, found him guilty, and assessed a penalty that included the loss of good-time credits. (Id. at 6-7, 10-13, ¶¶ 13-17, 40-48.) On appeal, the guilty finding was vacated and plaintiff was found not guilty on re-hearing. (Id. at 8-9, ¶¶ 28-29.) Approximately one week after filing an appeal of the disciplinary hearing, plaintiff was approached by defendant Mendoza who told him that he complained too much and that defendant Trevino wanted to speak with him. (Id. at 7, ¶¶ 18-20.) Once in Trevino's office, and in the presence of Mendoza, Trevino asked plaintiff about the appeal and told him that he would be moved to a higher security level if he did not withdraw his appeal. (Id. at 7-8, ¶¶ 21, 24.) After plaintiff refused to withdraw his appeal, he was immediately moved from minimum security to a higher security housing location, which resulted in losing his vocational job training and extended recreation and phone access. (Id. at 8, ¶¶ 25-27.) Several months later, plaintiff was seen by defendants Vivero, Hernandez, and Casillas as part of his annual review by the Unit Classification Committee. (Id. at 9, ¶ 31.) During the hearing he requested that he be returned to his minimum-security housing and previous job assignment and that his custody placement score

3

be reduced based on his disciplinary-free periods.  (Id., ¶¶ 32-33.)  Defendants refused to adjust his score because of the previously overturned disciplinary violation and further refused to restore his job placement and programs.  (Id. at 9-10, ¶¶ 34-36.)  Plaintiff claims that the denials were in retaliation for appealing the disciplinary and that on appeal from the committee's decision his placement score was correctly adjusted and he was advised there would be no further retaliation for using the inmate appeals process.  (Id. at 10, ¶¶ 37-38.)

IV. Failure to State a Claim

A. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  However, an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Although plaintiff alleges that he lost good-time credits as a result of the disciplinary and that Lamas denied his request for witnesses, he also alleges that the guilty finding was reversed on appeal.  There is no due process violation if "any procedural error was corrected through the administrative appeal process."  Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (citations omitted).  Accordingly, plaintiff has failed to state a claim for violation of his right to due process.

B. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439

(1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Although plaintiff alleges that Lamas' treatment during his disciplinary hearing violated his right to equal protection, he fails to establish that he was discriminated against because of his membership in a protected class or that he qualifies as a class of one. Instead, he makes only conclusory allegations that he was treated differently than similarly situated inmates. (ECF No. 1 at 11, ¶¶ 41, 44.) This is insufficient to state a claim for relief.

V. Claims for Which a Response Will Be Required

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns.").

Plaintiff has sufficiently alleged that Trevino retaliated against him for filing a grievance related to his disciplinary hearing and Mendoza's comment is sufficient, at the screening stage, to show that he was complicit in the retaliation. Furthermore, although plaintiff's classification committee hearing took place approximately five months after the appeal was filed, and it does not appear that Vivero, Hernandez, or Casillas made any comments that would demonstrate

retaliation, the response plaintiff received to his appeal of the committee's decision, stating that he would not be subject to any further retaliation, is sufficient to support the inference that the committee's decision was retaliatory in nature. Accordingly, defendants Trevino, Mendoza, Vivero, Hernandez, and Casillas will be required to respond to the retaliation claims.

### VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Lamas for violation of plaintiff's rights to due process or equal protection. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he wants.

Plaintiff may proceed forthwith to serve defendants Trevino, Mendoza, Vivero, Hernandez, and Casillas on his retaliation claims, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claims against defendants Trevino, Mendoza, Vivero, Hernandez, and Casillas without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendant Lamas.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your retaliation claims against Trevino, Mendoza, Vivero, Hernandez, and Casillas state claims for relief and these defendants will be required to respond to the complaint.

Your due process and equal protection claims against Lamas do not state claim for relief because the facts show that the due process violations were fixed by your re-hearing and you have not given facts showing that you were discriminated against because you are a member of a protected class or that you were treated differently than other inmates in a similar situation.

You have a choice to make. You may either (1) proceed immediately on your retaliation claims against Trevino, Mendoza, Vivero, Hernandez, and Casillas and voluntarily dismiss the claims against Lamas or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendant Lamas. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims or information not in the amended complaint will not be considered.** You must

complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendant Lamas do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his retaliation claims against defendants Trevino, Mendoza, Vivero, Hernandez, and Casillas as set forth in Section V above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendant Lamas.

Dated: April 9, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:edwa1907.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD A. EDWARDS,

    Plaintiff,

v.

K. LAMAS, et al.,

    Defendants.

No. 2:19-cv-1907 MCE CKD P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claims against defendants Trevino, Mendoza, Vivero, Hernandez, and Casillas without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Lamas pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              Leonard A. Edwards
                                            Plaintiff pro se